OPINION. Turner, Judge: It is the claim of counsel for the petitioner that under section 42 of Chapter 65 of the Revised Code of Delaware[1] the corporation was in existence at the time the petition herein was filed and that the petition filed is that of the corporation. In the alternative, it is argued that even though Mrs. Paddock was without authority to act for the corporation in filing the petition, she was nevertheless a transferee of the corporation and as such transferee had the right under the statute to file the petition herein. It is the contention of the respondent that the corporation under Delaware law was no longer in existence at the time the petition was filed and for that reason could not file the petition herein, and further that Mrs. Paddock was without power or authority to file the petition herein in behalf of a non-existing corporation. There is no claim that the existence of the corporation was continued by reason of the appointment of a receiver or appointment of the directors as trustees for the corporation by the court of chancery pursuant to section 43 of the Delaware Code. The argument of the petitioner as to the continued existence of the corporation is based on the proposition that the filing of the claim for relief under section 722 of the Internal Revenue Code on September 13, 1943, was the beginning or commencing by'the corporation of a suit or proceeding within the meaning of section 42 of Chapter 65 of the Delaware Code and that'by reason of the provisions of that section the corporation is continued in existence until any judgment, orders or decrees pursuant to such suit or proceeding shall be fully executed. Among the cases relied upon by petitioner is that of Bahen & Wright, Inc. v. Commissioner, 176 Fed. (2d) 538, wherein it was held that the mailing of a statutory notice of deficiency by the Commissioner of Internal Revenue within 3 years after dissolution of a corporation was the beginning of a suit or proceeding under section 42, supra, of the Delaware Code, even though no petition was filed with this court until after the expiration of such 3-year period. On that point, it is the contention of the respondent, first, that Bahen & Wright, Inc. v. Commissioner, is not good law, and second, that in any event it is distinguishable on the facts in that the mailing of statutory notice of deficiency in that case is comparable here to the mailing by the Commissioner of the statutory notice of rejection of the petitioner’s claim, and since such notice was not sent until after the expiration of the 3-year period, no suit or proceeding was commenced under Delaware law within the required 3-year period. Regardless of the soundness of the arguments of counsel for the petitioner, that a suit or proceeding was instituted by the filing of the claim for relief in 1943, thereby continuing the life of the corporation, or the soundness of the respondent’s argument that no suit or proceeding within the meaning of the Delaware statute was commenced within the 3-year period after dissolution of the corporation, it is our view that on the facts here the proceeding must be dismissed for lack of jurisdiction. As a part of the resolution or dissolution the stockholders specifically designated the president as “trustee to conduct the winding up of the business and affairs of the corporation.” No power or authority to act for the corporation in winding up its affairs was left in the directors. Counsel for the petitioner concedes that Mrs. Paddock had no authority to act as trustee, but contends that the petition here is the petition of the corporation because Mrs. Paddock was a director and as a stockholder was a transferee of its assets. The resolution of the stockholders of the corporation voting dissolution is plain and unambiguous and no argument or authority has been advanced to the effect that the stockholders did not have the power to place the affairs of the corporation in the hands of the president as trustee nor that such action when taken was not effective. We accordingly conclude that Mrs. Paddock had no power or authority as a director to file a petition for the corporation. Similarly she had no such power or authority as a stockholder and transferee of the corporation. Congress has given us no jurisdiction to hear and determine the rights and liabilities of a taxpayer under a petition filed by someone without authority so to do. By entry of a proper order the proceeding herein will be dismissed for lack of jurisdiction. SEC. 42. Continuation of Corporation After Dissolution For Purposes of Suit, Etc.:— All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established; provided, however, that with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three-r^ear period and until any judgment, orders, on decrees therein shall be fully executed.